IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL E. ROBINSON and<br>CAROL A. ROBINSON, | : | No. 08-cv-761 |
| Plaintiffs, | : | |
| v. | : | |
| FREIGHTLINER LLC, et al., | : | |
| Defendant, | : | |
| v. | : | |
| WINNEBAGO INDUSTRIES, and<br>MEYER'S RV CENTERS, LLC, | : | |
| Defendants/<br>Third-Party Plaintiffs, | : | |
| v. | : | Hon. John E. Jones III |
| CUMMINS, INC., | : | |
| Third-Party Defendant. | : | |

## MEMORANDUM and ORDER

### March 10, 2010

**THE BACKGROUND OF THE ORDER IS AS FOLLOWS:**

Currently pending before this Court are Defendant Freightliner, Inc.'s ("Freightliner") two motions in limine, one technical in nature and one substantive

in nature, seeking to exclude the testimony of Plaintiffs' expert Dennis G. Lake ("Mr. Lake"). (Docs. 61, 62). For the reasons that follow, we will deny the technical motion (Doc. 61), hold the substantive motion (Doc. 62) in abeyance insofar as it raises *Daubert*[1] issues, and deny the substantive motion in all other respects.

## I. PROCEDURAL HISTORY/STATEMENT OF FACTS:

The parties and the Court are intimately familiar with this case. Accordingly, in an attempt to conserve judicial resources, we shall not endeavor to rehash the procedural history or factual panoply associated therewith. Instead, we shall refer to these items only to the extent that they are relevant to the resolution of the aforementioned motions in limine.

## II. DISCUSSION:

### A. Technical Motion (Doc. 61)

Freightliner attempts to preclude the testimony of Mr. Lake because his expert report was finalized on December 16, 2008, more than a month after the November 14, 2008 deadline established by this Court in its Case Management Order of July 30, 2008. (*See* Doc. 32 ¶ 5). Freightliner notes that "[a] court may exclude late expert testimony . . . if it would unduly prejudice the opposing party,

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2

*or if filed in violation of a scheduling order."* (Doc. 61 p. 3) (quoting *Giorno v. Temple Univ. Hosp.*, 875 F. Supp. 267, 271 (E.D. Pa. 1995) (citations omitted)).

*Meyers v. Pennypack Woods Homes Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977) is the leading case on exclusion of testimony as a discovery sanction. *See Astrazeneca AB v. Mut. Pharm. Co., Inc.*, 278 F.Supp 2d 491, 505 (D.N.J. 2003). The *Meyers* Court held that in considering whether to exclude evidence as a discovery sanction, courts should consider the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers*, 559 F.2d at 904-05. In the case at bar, Freightliner does not assert that it has been prejudiced in fact by the late disclosure of Mr. Lake's expert report, meaning the first two prongs of the *Meyers* Test do not militate in favor of excluding Mr. Lake's testimony. We reach the same conclusion with regard to the fourth prong, as there is no reason to believe that the delay was caused by dilatory or ulterior motives.[2] To be sure, expert report disclosures filed this long after a self-imposed deadline can expose a party to extreme peril and are generally

---

[2] At this time, we note that the third prong of that analysis is inapplicable to the case at bar.

3

disfavored. However, since exclusion of expert testimony is an extreme sanction, and since Freightliner does not appear to have been materially prejudiced in any appreciable way by the late filing of Plaintiffs' expert report, we shall deny Plaintiffs' request to exclude Mr. Lake's opinion for failing to comply with our case management order.

### B. Substantive Motion (Doc. 62)

Freightliner's substantive motion to exclude the expert testimony of Mr. Lake revolves around his conclusion that "based upon the repair history, the number of repairs and the seriousness of many of the defects, the down time required for repairs and the impact on the owner's enjoyment caused by problems, it is my opinion that the [Robinsons'] motor home was not worth the $243,823 paid but instead had a value of $146,293." (Doc. 62-2, pp. 5-6). Freightliner perceives three problems with this opinion, which we address below.

First, Freightliner asserts that Mr. Lake has impermissibly based his damage assessment on the motor home's repair history. It cites *Evans v. Gen. Motors Corp.*, 459 F. Supp. 2d 407, 411 (D. Md. 2006), for the proposition that "[n]o cause of action asserted by [Plaintiffs] make a manufacturer liable for a vehicle's diminution in value based solely on its service history." Freightliner maintains that because Mr. Lake's assessment of the motor home's diminished value is "based

4

upon the repair history only," his opinion in that regard is "without merit and should be excluded." (Doc. 62, p. 8).

However, as Plaintiffs note, *Evans* was a case involving, *inter alia*, the Maryland Lemon Law. As the *Evans* Court noted, "the key issue in a [Maryland] lemon law claim is that some specific existing defect continues to manifest itself." *Evans*, 459 F. Supp. 2d at 413 (citations omitted). The court ruled against plaintiffs because they could not rebut defendant's evidence that there were no existing defects in the vehicle at issue. Although plaintiff's expert also testified that the repair history diminished the vehicle's value, the court ruled that this is was insufficient to maintain an action under Maryland Lemon Law. Accordingly, *in that context*, reliance on a vehicle's repair history was insufficient. Freightliner has cited no authority, federal or otherwise, for the proposition that exclusive reliance on a vehicle's repair history cannot form the basis of an assessment of its value.[3] Further, assuming *arguendo* that such reliance was prohibited, we would still find Freightliner's argument unavailing because Mr. Lake did not rely *solely* on the vehicle's repair history. Rather, his opinion was based on "purchase documents,

---

[3] Pennsylvania law establishes that damages for breach of warranty are measured by "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." 13 Pa. C.S. § 2714(b). In light of this mandate, we believe that an assessment of a vehicle's repair history is certainly relevant to the assessment of its value at the time and place of acceptance.

5

repair orders, repair invoices, manufacture pre-delivery inspection requirements . . . other servicing facilities invoices" and a personal inspection of the motor home. (Doc. 62-2, p. 2). Consequently, we shall deny Freightliner's motion to this extent.

Freightliner's second argument against permitting Mr. Lake's testimony is that his valuation fails to allocate damages amongst the separate Defendants. Stated differently, Freightliner asserts that Mr. Lake's opinion should be precluded because it fails to evaluate the specific diminution in value sustained as a result of defects in Freightliner-warranted products. Freightliner states, without support therefor, "Based upon the MMWA and Pennsylvania warranty law, plaintiff must identify with some specificity the amount plaintiffs were damaged by Freightliner's alleged breach of warranty." (Doc. 62, p.9).

Plaintiffs assert that their expert need not apportion damages among each defendant because "the assessment of damages . . . is a classic jury function to be made after hearing the totality of the evidence, including the identity of manufacturers of the various failed components as well as the degree to which the component failures contributed to the impairment of the motor home's use and value." (Doc. 68, p. 5). We agree. Freightliner has not cited any legal authority for the proposition that a plaintiff must proving expert testimony regarding apportionment of damages in a breach of warranty case. Indeed, Plaintiffs are only

6

under the obligation of proving damages to a "reasonable degree." *See Berg Chilling Sys. Inc. v. Hull Corp.*, 369 F.3d 745 (3d Cir 2004). In concluding that the alleged defects diminished the motor home's value by approximately $97,000, Mr. Lake has done so. As Plaintiffs assert, the apportioning of that figure is a jury function. Consequently, we will deny the motion to that extent.

Finally, Freightliner asserts that the expert opinion of Mr. Lake should be precluded because it runs afoul of the standard established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court held that to be admissible, proffered expert testimony must come from a qualified expert, must be reliable, and must "fit" the issues of the case. *See generally id.* Freightliner believes that Mr. Lake's opinion is infirm because it was not formed pursuant to an accepted methodology and is therefore not reliable. In assessing the "reliability" of an expert opinion, the following factors are taken into consideration:

> (i) whether a method consists of a testable hypothesis; (ii) whether the method has been subjected to peer review; (iii) the known or potential rate of error; (iv) the existence and maintenance of standards controlling the technique's operation; (v) whether the method is generally accepted; (vi) he relationship of the technique to methods which have been established to be reliable; (vii) the qualification of the expert witness testifying based on the methodology; and (viii) the non-judicial uses to which the method has been put.

*Simmons v. Ford Motor Co.*, 132 Fed. Appx. 950, 952 (3d Cir. 2005) (citations omitted). This is a non-exclusive list, and each factor need not be assessed in every case. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 746 (3d Cir 2000).

Freightliner claims that Mr. Lake has not identified a basis for his opinion that the Robinsons' motor home was worth only $146,293, not the $243,823 paid, at the time of sale. It concludes that since Mr. Lake does not identify any authority, industry standard, valuation guide, or the like to support his conclusion, he did not ascribe to any methodology and his opinion must therefore be excluded. Freightliner responds by asserting that the valuation of a motor home does not lend itself to "the same strict adherence to formalistic scientific or engineering principles" as to other, more easily testable inquiries. (Doc. 68, p. 3). It further notes that Mr. Lake set forth the criteria that potential purchasers of motor homes would consider in making a purchasing decision and concluded that the condition of the Robinsons' motor home would likely result in either a decision not to buy or to pay substantially less for it. Freightliner maintains that this opinion was based on Mr. Lake's 16 years of experience in the recreational vehicle industry, which includes appraising and repairing such vehicles.

Candidly, after reviewing Mr. Lake's expert report, we too cannot discern exactly how Mr. Lake determined the extent to which the Plaintiffs' motor home

had experienced a diminution in value of approximately $97,000. We might presume that Mr. Lake did not fabricate that figure out of thin air; however, we do not believe that his methodology is clear. Accordingly, we have sufficient concerns over the reliability of his methodology to warrant the scheduling of a *Daubert* hearing. *See Elcock*, 233 F.3d at 745 (a court is not required to conduct a *Daubert* hearing but can do so if significant reliability questions are raised by the expert's methodology, and if a *Daubert* hearing would permit a fuller assessment of expert's analytical processes). We shall therefore hold Freightliner's *Daubert* challenge in abeyance until after we conduct an appropriate hearing in aid of resolving the same.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Freightliner's Motion in Limine seeking to exclude the testimony of Mr. Lake for violating a Court Order (Doc. 61) is **DENIED** in its entirety.

2. Freightliner's Motion in Limine seeking to exclude the testimony of Mr. Lake for substantive reasons (Doc. 62) is **HELD IN ABEYANCE** with regard to its *Daubert* challenge until after we conduct an appropriate hearing in aid of resolving the same. The motion is **DENIED** in all other respects.

3. A *Daubert* hearing related to the reliability of Mr. Lake's expert opinion shall be scheduled subsequent to the pretrial conference in this matter.

/s/ John E. Jones III
John E. Jones III
United States District Judge