IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL E. ROBINSON and<br>CAROL A. ROBINSON, | : | No. 08-cv-761 |
| Plaintiffs, | : | |
| v. | : | |
| FREIGHTLINER LLC, et al., | : | |
| Defendant, | : | |
| v. | : | |
| WINNEBAGO INDUSTRIES, and<br>MEYER'S RV CENTERS, LLC, | : | |
| Defendants/<br>Third-Party Plaintiffs, | : | |
| v. | : | Hon. John E. Jones III |
| CUMMINS, INC., | : | |
| Third-Party Defendant. | : | |

## MEMORANDUM and ORDER

### March 10, 2010

**THE BACKGROUND OF THE ORDER IS AS FOLLOWS:**

Currently pending before this Court is Third-Party Defendant Cummins, Inc.'s ("Cummins") motion in limine seeking exclusion of evidence relating to

1

consequential and incidental damages with regards to the engine in Plaintiffs' motor home, which it warranted. (Doc. 64) ("the Motion"). For the following reasons, the Motion shall be denied.

## I. PROCEDURAL HISTORY/STATEMENT OF FACTS:

The parties and the Court are intimately familiar with this case. Accordingly, in an attempt to conserve judicial resources, we shall not endeavor to rehash the procedural history or factual panoply associated therewith. Instead, we shall refer to these items only to the extent that they are relevant to the resolution of the aforementioned motions in limine.

## II. DISCUSSION:

In supporting its Motion, Cummins notes that in the case *sub judice*, Plaintiffs entered into an agreement that included a warranty that exclusively limited its remedies to "repair or replacement" of the warranted items, thereby foreclosing any possibility that they could receive consequential or incidental damages related to the same. (Doc. 64, Ex. A). While Cummins is correct in asserting that consequential damages may be limited or excluded by the terms of an express written warranty, *see* 13 Pa. C.S. 2719, it is also true that while a "repair-or-replace provision" is generally enforceable, it is rendered inoperable if it fails of its essential purpose. *See Wollums v. Nat'l RV*, 530 F. Supp. 2d 691, 700

(M.D. Pa. 2008) (Conner, J.). Such a provision "fails of its essential purpose" where it deprives either party of the substantial value of the bargain. *Hornberger v. Gen. Motors Corp.*, 929 F. Supp. 884, 890 (E.D. Pa. 1996).

Less clear is the effect of a failure of the repair-or-replace provision on a separate provision disclaiming consequential damages. Some courts have treated the limitation on consequential damages as being enforceable regardless of a finding that a limited repair provision fails its essential purpose. *See, e.g., Polymer Dynamics, Inc. v. Bayer Corp.*, 2007 WL 2343796 (E.D. Pa. 2007); *Piper Jaffray & Co. v. SunGard Sys. Int'l, Inc.*, 2005 WL 999975 (D. Minn. 2005) (construing Pennsylvania law with regards to a damages cap); *Northeastern Power Co. v. Balcke-Durr, Inc.*, 1999 WL 674332 (E.D. Pa. 1999); *Factory Mkt. V. Schuller Int'l*, 987 F.Supp. 387 (E.D. Pa. 1997) (noting that the limited remedy of repair and consequential damages exclusion are two distinct ways of limiting damages for breach of warranty). However, other courts have held that the validity of a consequential damage exclusion should depend on the effectiveness of the limited remedy. *See, e.g., Strickler v. Peterbilt Motors*, 2005 WL 1266674 (E.D. Pa. 2005) (Schiller, J.); *Werner Kamman Maschinenfabrik, GmbH v. Max Levy Autograph*, 2002 WL 126634 (E.D. Pa. 2002); *Amsan, LLC v. Prophet 21, Inc.*, 2001 WL 1231819 (E.D. Pa. 2001); *Caudhill Seed & Warehouse Co. v. Prophet 21, Inc.*,

123 F.Supp 2d 826, 832 (E.D. Pa. 2000).

In reviewing all of the aforementioned cases, we are in particular persuaded by the rationale found in *Strickler*. The *Strickler* Court held, "In agreements where a buyer's remedies are limited to repair or replacement of defective parts, 'the validity of the consequential damage exclusion . . . [should] depend on the effectiveness of the limited remedy; if the limited remedy fails, so [should] the consequential damage exclusion.'" *Strikler*, at * 3 (quoting *Caudhill*, 123 F.Supp. 2d at 832). This conclusion was based on the recognition that "the remedy of repair or replacement is the 'silver bullet' that the buyer receives '[i]n exchange for parting with an arsenal of legal remedies.' If the limited remedy fails, the 'silver bullet turns to dust,' leaving the buyer defenseless and at the seller's mercy, unless the buyer is then permitted to seek the full range of damages available under Pennsylvania law." *Id.* (quoting *Caudhill*, 123 F.Supp.2d at 832-33) (internal citations omitted). We believe this logic to be especially compelling in circumstances like the one at bar, where an unsophisticated party enters into what could easily be construed as an adhesion contract with a sophisticated merchant. In cases such as this, we believe it particularly important to protect the rights of the unsophisticated party, who would lose the value of its bargain were it prevented from pursuing the full range of damages authorized under Pennsylvania

law.

Accordingly, as is evidenced from the discussion above, we believe that Plaintiffs would be entitled to consequential and incidental damages if they established that the Cummins' repair-or-replace warranty "failed of its essential purpose." Since we have not passed judgment as to whether Plaintiffs have adduced sufficient evidence regarding the latter, we cannot at this time proscribe the admittance of evidence related to the former. Therefore, we shall deny the instant Motion in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Cummins' motion in limine seeking exclusion of evidence related to consequential and incidental damages (Doc. 64) is **DENIED**.

/s/ John E. Jones III
John E. Jones III
United States District Judge